1  JOHN C. CRUDEN
2  Assistant Attorney General
   Environment and Natural Resources Division
3  United States Department of Justice

4  DAVIS H. FORSYTHE (Massachusetts Bar No. 667115)
5  email: davis.forsythe@usdoj.gov
   Environmental Enforcement Section
6  Environment and Natural Resources Division
7  United States Department of Justice
   999 18th Street, South Terrace, Suite 370
8  Denver, CO 80202
9  Telephone: (303) 844-1391
   FAX (303) 844-1350
10

11 Attorneys for Plaintiff United States of America

12         **UNITED STATES DISTRICT COURT**
13         **CENTRAL DISTRICT OF CALIFORNIA**

14

15  _____  )
16  UNITED STATES OF AMERICA,         )   Case No. CV 16—8127 DDP
                                      )
17              Plaintiff,            )
                                      )
18       v.                           )
                                      )
19                                    )   **CONSENT DECREE**
20  JPMORGAN CHASE BANK N.A.,         )
    *et al.*,                          )
21                                    )
22              Defendants.           )
    _____  )
23

24

25

26

27

10734528.1
208462-10051

# TABLE OF CONTENTS

I.      BACKGROUND ..................................................................1

II.     JURISDICTION ..................................................................2

III.    PARTIES BOUND ...............................................................3

IV.     DEFINITIONS ...................................................................3

V.      STATEMENT OF PURPOSE ................................................6

VI.     PAYMENT OF RESPONSE COSTS ......................................7

VII.    FAILURE TO COMPLY WITH CONSENT DECREE ...............9

VIII.   COVENANTS BY THE UNITED STATES ............................11

IX.     RESERVATION OF RIGHTS BY UNITED STATES ..............12

X.      COVENANTS BY SETTLING DEFENDANTS .......................13

XI.     EFFECT OF SETTLEMENT/CONTRIBUTION .....................14

XII.    RETENTION OF RECORDS AND CERTIFICATION .............16

XIII.   NOTICES AND SUBMISSIONS ..........................................19

XIV.    RETENTION OF JURISDICTION .......................................21

XV.     INTEGRATION/APPENDICES ...........................................21

XVI.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT.................21

XVII.   SIGNATORIES/SERVICE ..................................................22

XVIII.  FINAL JUDGMENT ..........................................................22

# I.   BACKGROUND

A.   The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the BKK Sanitary Landfill Site in West Covina, California ("the Site").

B.   In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and may undertake additional response actions in the future.

C.   In performing response action at the Site, EPA has incurred response costs and will incur additional response costs in the future.

D.   The California Department of Toxic Substances Control ("DTSC") and the Settling Defendants, as defined below, have negotiated and executed a consent decree ("DTSC Consent Decree"), which several other agencies of the State of California have joined, that settles claims of the State agencies against the Settling Defendants related to the BKK Sanitary Landfill Site.  The DTSC Consent Decree will be lodged with this Court simultaneously with this Consent Decree. Pursuant to the DTSC Consent Decree, JPMorgan Chase Bank, N.A. ("JPMC"), on behalf of itself and all other Settling Defendants, will pay $85,000,000 to DTSC, to be used for work at the Site.  DTSC is overseeing response actions at the Site. Pursuant to the DTSC Consent Decree, if EPA and DTSC determine that EPA

should begin overseeing response actions at the Site, the State will transfer to EPA certain funds it received from Settling Defendants.

E.    The United States alleges that the defendants that have entered into this Consent Decree ("Settling Defendants") are responsible parties pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and are jointly and severally liable for response costs incurred and to be incurred at the Site.

F.    Settling Defendants do not admit any liability arising out of the transactions or occurrences alleged in the complaint.

G.    EPA has reviewed the Financial Information and Insurance Information submitted by WMI Rainier, LLC to determine whether WMI Rainier, LLC is financially able to pay response costs incurred and to be incurred at the Site.  Based upon this Financial Information and Insurance Information, EPA has determined that WMI Rainier, LLC has limited financial ability to pay for response costs incurred and to be incurred at the Site.

H.    The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of

2

1   this Consent Decree and the underlying complaint, Settling Defendants waive all
2   objections and defenses that they may have to jurisdiction of the Court or to venue
3   in this District.  Settling Defendants shall not challenge entry or the terms of this
4   Consent Decree or this Court's jurisdiction to enter and enforce this Consent
5   Decree.

6   ### III.   PARTIES BOUND

7       2.      This Consent Decree is binding upon the United States, and upon
8   Settling Defendants and their successors and assigns.  Any change in ownership or
9   corporate or other legal status, including, but not limited to, any transfer of assets
10  or real or personal property, shall in no way alter the status or responsibilities of
11  Settling Defendants under this Consent Decree.

12  ### IV.   DEFINITIONS

13      3.      Unless otherwise expressly provided in this Consent Decree, terms
14  used in this Consent Decree that are defined in CERCLA or in regulations
15  promulgated under CERCLA shall have the meaning assigned to them in CERCLA
16  or in such regulations.  Whenever terms listed below are used in this Consent
17  Decree or in any appendix attached hereto, the following definitions shall apply
18  solely for purposes of this Consent Decree:

19      "BKK Sanitary Landfill Site Special Account" shall mean the special
20  account, within the EPA Hazardous Substance Superfund, established for the Site
21  by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

22      "CERCLA" shall mean the Comprehensive Environmental Response,
23  Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

24      "Consent Decree" shall mean this Consent Decree and all appendices
25  attached hereto.  In the event of conflict between this Consent Decree and any
26  appendix, this Consent Decree shall control.

27

3

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"DTSC" shall mean the California Department of Toxic Substances Control.

"DTSC Consent Decree" shall mean the consent decree entered into by the State agencies and Settling Defendants in 2016 to resolve Settling Defendants' liability at the Site.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Financial Information" shall mean those financial documents pertaining to WMI Rainier, LLC identified in Appendix B.

"Insurance Information" shall mean those insurance documents pertaining to WMI Rainier, LLC identified in Appendix C.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in

4

1    effect at the time the interest accrues.  The rate of interest is subject to change

2    on October 1 of each year.

3         "JPMC" shall mean JPMorgan Chase Bank, N.A.

4         "Paragraph" shall mean a portion of this Consent Decree identified by an

5    Arabic numeral or an upper or lower case letter.

6         "Parties" shall mean the United States and Settling Defendants.

7         "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-

8    6992 (also known as the Resource Conservation and Recovery Act).

9         "Section" shall mean a portion of this Consent Decree identified by a

10   Roman numeral.

11        "Settling Defendants" shall mean:

12        a)    JPMC, in its individual capacity, and in its capacity as

13   having purchased assets and assumed liabilities of: (i) Washington

14   Mutual Bank, Henderson, Nevada ("WMB"), whose predecessors in

15   interest include Home Savings & Loan Association, a California

16   corporation (also known as Home Savings of America, Home Savings of

17   America, a Federal Savings and Loan Association, and Home Savings of

18   America, F.A.); and (ii) Washington Mutual Bank, FSB, Park City, Utah,

19   to the extent provided for in the September 25, 2008 purchase and

20   assumption agreement among Federal Deposit Insurance Corporation

21   ("FDIC"), as receiver for Washington Mutual Bank, FDIC in its corporate

22   capacity, and JPMC;

23        b)    WMI Liquidating Trust, on behalf of itself and WMI

24   Holdings Corp., in accordance with each of (i) Section 2.2 of the

25   agreement entered on or about December 5, 2010, in the Washington

26   Mutual Inc. Bankruptcy Chapter 11 case, by Washington Mutual, Inc. and

27

5

WMI Investment Corp., JPMC, DTSC and the BKK Joint Defense Group and concerning the Site, (ii) the Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code dated December 12, 2011, and as modified thereafter (including Section 27.6 thereof), and (iii) Paragraph 12 of the Findings of Fact, Conclusions of Law, and Order Confirming the Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code filed February 24, 2013 (WMI Holdings Corp., together with WMI Liquidating Trust, is identified as a Debtor and Reorganized Debtor in the Seventh Amended Joint Plan); and

    c)    WMI Rainier, LLC, on behalf of itself and alleged predecessors in interest Ahmanson Developments, Inc. and Oxford Investment Corporation.

"Site" shall mean the BKK Sanitary Landfill Site, encompassing approximately 583 acres, located at 2210 South Azusa Avenue, in West Covina, Los Angeles County, California, and generally shown on the map included in Appendix A.

"State" shall mean the State of California.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.    STATEMENT OF PURPOSE

4.    By entering into this Consent Decree, the mutual objective of the Parties is for JPMC, on behalf of Settling Defendants, to make a cash payment that, taken in light of the DTSC Consent Decree, resolves Settling Defendants' alleged civil liability for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, and under Section 7003 of RCRA, 42 U.S.C. § 6973, as

6

1    provided in the Covenants by The United States in Section VIII, and subject to the

2    Reservations of Rights by United States in Section IX.

3    **VI.   PAYMENT OF RESPONSE COSTS**

4    5.    <u>Payment of Response Costs</u>. JPMC, on behalf of Settling Defendants,

5    shall pay to EPA the principal amount of $1,000,000.  The payment shall be made

6    within 30 days after the Effective Date and, if timely paid, shall include no Interest.

7    6.    JPMC, on behalf of Settling Defendants, shall make payment at

8    https://www.pay.gov to the U.S. Department of Justice account, in accordance with

9    instructions provided to Settling Defendants by the Financial Litigation Unit

10    ("FLU") of the U.S. Attorney's Office for the Central District of California after

11    the Effective Date.  The payment instructions provided by the FLU shall include a

12    Consolidated Debt Collection System ("CDCS") number, which shall be used to

13    identify all payments required to be made in accordance with this Consent Decree.

14    The FLU shall provide the payment instructions to:

15        Arthur Korzec
16        JPMorgan Chase Bank, N.A.
         Executive Director and Assistant General Counsel
17        JPMorgan Chase Bank, N.A.
         4 New York Plaza, 19th Floor
18        New York, NY 10004-2413

19    and

20        Albert M. Cohen
21        Loeb & Loeb LLP
         10100 Santa Monica Blvd., Suite 2200
22        Los Angeles, CA  90067

23    on behalf of Settling Defendants.  JPMC, on behalf of Settling Defendants, may

24    change the individual to receive payment instructions on their behalf by providing

25    written notice to DOJ and EPA of such change in accordance with Section XIII

26    (Notices and Submissions).

27

7

7.    <u>Deposit of Payment</u>.

a.    <u>Deposit of Settling Defendants' Payment</u>.  The total amount to be paid pursuant to Paragraph 5 (Payment of Response Costs), along with any other payments required under this Consent Decree, shall be deposited by EPA in the BKK Sanitary Landfill Site Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

b.    <u>Deposit of Funds Transferred from State to EPA</u>.  If EPA and DTSC determine that EPA should begin overseeing response actions at the Site, and the State transfers to EPA any portion of the funds it received from Settling Defendants pursuant to the DTSC Consent Decree, those funds shall be deposited by EPA in the BKK Sanitary Landfill Site Special Account, to be retained or used to conduct or finance response actions at or in connection with the Site, or if those funds are not needed at the Site, to be transferred by EPA to the EPA Hazardous Substance Superfund.  Any funds transferred from the State to EPA pursuant to the DTSC Consent Decree will not be used to reimburse EPA for response costs it has incurred at or in connection with the Site prior to the date of the agreement between EPA and DTSC that EPA should assume primary responsibility for overseeing response actions at the Site.  EPA may make available funds in the BKK Sanitary Landfill Site Special Account for disbursement to potentially responsible parties who agree to conduct response actions at the Site pursuant to an agreement with EPA, as partial reimbursement for performance of those response actions.

8.    <u>Notice of Payment</u>.  At the time of payment, JPMC, on behalf of Settling Defendants, shall send notice that payment has been made (a) to EPA in

8

accordance with Section XIII (Notices and Submissions), (b) to DOJ in accordance with Section XIII; and (c) to the EPA Cincinnati Finance Office (CFO) at:

EPA CFO by email:          cinwd_acctsreceivable@epa.gov

EPA CFO by regular mail:    EPA Cincinnati Finance Office
                            26 W. Martin Luther King Drive
                            Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 0961, and DJ # 90-11-3-10782.

## VII.   FAILURE TO COMPLY WITH CONSENT DECREE

9.     Interest on Payments.  If JPMC, on behalf of Settling Defendants, fails to make the payment required by Paragraph 5 (Payment of Response Costs) by the required due date, Interest shall accrue on the unpaid balance from the Effective Date through the date of payment.

10.     Stipulated Penalty.

a.     If any amounts due to EPA under Paragraph 5 (Payment of Response Costs) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9 (Interest on Payments), $1,000 per day that such payment is late.

b.     Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer to:

9

10734528.1
208462-10051

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York, NY 10045
Field Tag 4200 of the Fedwire message should read "D
68010727 Environmental Protection Agency"

Each payment shall reference the CDCS Number, Site/ Spill ID Number 0961, and DJ # 90-11-3-10782.

  c. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Paragraph 8 (Notice of Payment).

  d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

  11. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

  12. Payments made under this Section shall be in addition to any other remedies or sanctions available to the United States by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

  13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated

10

1   penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated

2   penalties shall not excuse Settling Defendants from payment as required by Section

3   VI or from performance of any other requirements of this Consent Decree.

4   ## VIII.  COVENANTS BY THE UNITED STATES

5   14.   Except as specifically provided in Section IX (Reservation of Rights

6   by United States), the United States covenants not to sue or to take administrative

7   action against Settling Defendants pursuant to Sections 106 and 107(a) of

8   CERCLA, 42 U.S.C. §§ 9606 and 9607(a), and Section 7003 of RCRA, 42 U.S.C.

9   § 6973, regarding the Site.  With respect to present and future liability, these

10  covenants shall take effect upon the latter of (a) receipt by EPA of all amounts

11  required by Paragraph 5 (Payment of Response Costs) and any Interest or

12  stipulated penalties due thereon under Section VII (Failure to Comply with

13  Consent Decree); or (b) written confirmation from DTSC that JPMC has made full

14  payment of the $85 million due under the DTSC Consent Decree.  These covenants

15  are conditioned upon the satisfactory performance by Settling Defendants of their

16  obligations under this Consent Decree.

17  15.   As to WMI Rainier, LLC, the covenants set forth in Paragraph 14 are

18  further conditioned upon the veracity and completeness of the Financial

19  Information and the Insurance Information provided to EPA by WMI Rainier, LLC

20  and the financial, insurance, and indemnity certification made by WMI Rainier,

21  LLC in Paragraphs 33-34.  If the Financial Information or the Insurance

22  Information provided by WMI Rainier, LLC, or the financial, insurance, or

23  indemnity certification made by WMI Rainier, LLC in Paragraphs 33-34, is

24  subsequently determined by EPA to be false or, in any material respect, inaccurate,

25  WMI Rainier, LLC shall forfeit all payments made pursuant to this Consent Decree

26  and these covenants and the contribution protection in Paragraph 24 shall be null

27

11

10734528.1
208462-10051

1    and void as to WMI Rainier, LLC.  Such forfeiture shall not constitute liquidated

2    damages and shall not in any way foreclose the United States' right to pursue any

3    other causes of action arising from WMI Rainier, LLC's provision of false or

4    materially inaccurate information.

5        16.    The covenants set forth in Paragraph 14 extend only to Settling

6    Defendants and do not extend to any other person.

7    ## IX.    RESERVATION OF RIGHTS BY UNITED STATES

8        17.    The United States reserves, and this Consent Decree is without

9    prejudice to, all rights against Settling Defendants with respect to all matters not

10   expressly included within the Covenants by The United States in Paragraph 14.

11   Notwithstanding any other provision of this Consent Decree, the United States

12   reserves all rights against Settling Defendants with respect to:

13       a.    liability for failure of Settling Defendants to meet a requirement

14   of this Consent Decree;

15       b.    criminal liability;

16       c.    liability for damages for injury to, destruction of, or loss of

17   natural resources, and for the costs of any natural resource damage assessments;

18       d.    liability based on the ownership or operation of the Site by

19   Settling Defendants when such ownership or operation commences after signature

20   of this Consent Decree by Settling Defendants;

21       e.    liability based on Settling Defendants' transportation,

22   treatment, storage, or disposal, or arrangement for transportation, treatment,

23   storage, or disposal of a hazardous substance or a solid waste at or in connection

24   with the Site, after signature of this Consent Decree by Settling Defendants; and

25

26

27

12

f.      liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

18.     Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action as to WMI Rainier, LLC, or to commence a new action seeking relief other than as provided in this Consent Decree as to WMI Rainier, LLC, if the Financial Information or the Insurance Information provided by WMI Rainier, LLC, or the financial, insurance, or indemnity certification made by WMI Rainier, LLC in Paragraphs 33-34, is false or, in any material respect, inaccurate.

## X.      COVENANTS BY SETTLING DEFENDANTS

19.     Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

a.      any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.      any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the California Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

13

c.     any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or State law, relating to the Site.

20.     Except as provided in Paragraph 22 (claims against other PRPs) and Paragraph 26 (Res Judicata and other Defenses), these covenants shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section IX (Reservations of Rights by United States), other than in Paragraph 17.a (liability for failure to meet a requirement of the Consent Decree) or 17.b (criminal liability), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

21.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

22.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site.  This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendants.

## XI.   EFFECT OF SETTLEMENT/CONTRIBUTION

23.     Except as provided in Paragraph 22 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as

14

provided in Section X (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action which it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

24.     The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendants are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraph 17.a (liability for failure to meet a requirement of the Consent Decree) or 17.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

25.     Settling Defendants shall, with respect to any suit or claim brought by any Settling Defendant for matters related to this Consent Decree, notify EPA and

DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendants also shall, with respect to any suit or claim brought against any Settling Defendant for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim.  In addition, Settling Defendants shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

26.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by The United States set forth in Section VIII.

## XII.   RETENTION OF RECORDS AND CERTIFICATION

27.    Until 10 years after the entry of this Consent Decree, JPMC shall preserve and retain all non-identical copies of records, reports, or information, including documents referred to in Paragraph 32 below,  (hereinafter referred to as "Records") now in its possession or control, or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site.  JPMC must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site.  Each of the above record

16

retention requirements shall apply regardless of any corporate retention policy to the contrary.

28.     After the conclusion of the record retention period, JPMC shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, except as provided in Paragraph 29 (Privileged and Protected Claims), JPMC shall deliver any such Records to EPA.

29.     <u>Privileged and Protected Claims</u>.

a.     JPMC may assert that all or part of a Record is privileged or protected as provided under federal law, provided it complies with Paragraph 29.b, and except as provided in Paragraph 29.c.

b.     If JPMC asserts a claim of privilege or protection, it shall provide the United States with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted.  If a claim of privilege or protection applies only to a portion of a Record, JPMC shall provide the Record to the United States in redacted form to mask the privileged or protected information only.  JPMC shall retain all Records that it claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the JPMC's favor.

c.     JPMC may make no claim of privilege or protection regarding:

(1)     any data regarding the Site, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

17

1           (2)     the portion of any Record that Settling Defendants are

2      required to create or generate pursuant to this Consent Decree.

3          30.   <u>Business Confidential Claims</u>.  JPMC may assert that all or part of a

4      Record submitted to the United States under this Section is business confidential to

5      the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42

6      U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b).  JPMC shall segregate and clearly

7      identify all Records or parts thereof submitted under this Consent Decree for which

8      JPMC asserts a business confidentiality claim.  Records submitted to EPA

9      determined to be confidential by EPA will be accorded the protection specified in

10     40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies Records

11     when they are submitted to EPA, or if EPA has notified JPMC that the Records are

12     not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R.

13     Part 2 Subpart B, the public may be given access to such Records without further

14     notice to JPMC.

15         31.   JPMC certifies that, to the best of its knowledge and belief, after

16     thorough inquiry, Settling Defendants have not altered, mutilated, discarded,

17     destroyed or otherwise disposed of any Records (other than identical copies)

18     relating to their potential liability regarding the Site since notification of potential

19     liability by the United States or the State, and that they have fully complied with

20     any and all EPA and State requests for information regarding the Site and Settling

21     Defendants' financial circumstances, including but not limited to insurance and

22     indemnity information, pursuant to Sections 104(e) and 122(e) of CERCLA, 42

23     U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927, and

24     State law.

25         32.   JPMC certifies that to the best of its knowledge and belief, after

26     thorough inquiry, Washington Mutual, Inc. and WMI Rainier, LLC have made

27

18

available to DTSC and JPMC all Records in their possession or control that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, and that JPMC has provided copies of such documents to DTSC.

33. WMI Rainier, LLC certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

       a. submitted to EPA financial information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time WMI Rainier, LLC executed this Consent Decree; and

       b. fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

34. WMI Rainier, LLC certifies that it has no other assets other than those described in Appendix B and that those assets have been or will be provided, in full, to DTSC in satisfaction of Settling Defendants' obligations under the DTSC Consent Decree. WMI Rainier, LLC further certifies that all proceeds from Site-related claims made on its insurance policies listed in Appendix C have been or will be provided in full to DTSC in satisfaction of Settling Defendants' obligations under the DTSC Consent Decree.

## XIII.  NOTICES AND SUBMISSIONS

35. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be

1  directed to the individuals at the addresses specified below, unless those

2  individuals or their successors give notice of a change to the other Parties in

3  writing.  Written notice as specified in this Section shall constitute complete

4  satisfaction of any written notice requirement of the Consent Decree with respect

5  to EPA, DOJ, and Settling Defendants, respectively.

6  **As to DOJ by email**:                  eescdcopy.enrd@usdoj.gov

7  **As to DOJ by regular mail**:      EES Case Management Unit
8                                                        U.S. Department of Justice
                                                          Environment and Natural Resources Division
9                                                        P.O. Box 7611
                                                          Washington, D.C.  20044-7611
10                                                      Re: DJ # 90-11-3-10782

11

12  **As to EPA**:                               Sarah Mueller
                                                          Assistant Regional Counsel
13                                                      U.S. Environmental Protection Agency
14                                                      Region IX
                                                          75 Hawthorne St., ORC-3
15                                                      San Francisco, CA  94105

16

17  **As to Setting Defendants**:        William Viets
                                                          Managing Director
18                                                      JPMorgan Chase Bank, N.A.
19                                                      237 Park Avenue, 12th Floor
                                                          New York, NY 10017

20

21

22

23                                                      Arthur Korzec
                                                          Executive Director and Assistant General Counsel
24                                                      Legal Department
                                                          JPMorgan Chase Bank, N.A.
25                                                      4 New York Plaza, 19th Floor
26                                                      New York, NY  10004-2413

27

20

Albert M. Cohen
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067

## XIV.  RETENTION OF JURISDICTION

36.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV.   INTEGRATION/APPENDICES

37.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Site.

"Appendix B" is a list of the financial documents submitted to EPA by WMI Rainier, LLC.

"Appendix C" is a list of the insurance documents submitted to EPA by WMI Rainier, LLC.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

38.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendants consent to the entry of this Consent Decree without further notice.

21

10734528.1
208462-10051

39.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

40.     Each undersigned representative of Settling Defendants, EPA, and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, Environmental Enforcement Section, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

41.     Settling Defendants agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

42.     Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII.     FINAL JUDGMENT

43.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and

22

1  Settling Defendants.  The Court enters this judgment as a final judgment under

2  Fed. R. Civ. P. 54 and 58.

3  SO ORDERED THIS  26th DAY OF January, 2017.

4

5

6  _____

7  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>Signature Page for Consent Decree Regarding BKK Sanitary Landfill Site</u>

**FOR THE UNITED STATES OF AMERICA**:

_____                    _____
Date                           JOHN C. CRUDEN
                               Assistant Attorney General
                               U.S. Department of Justice
                               Environment and Natural Resources Division
                               P.O. Box 7611
                               Washington, D.C. 20044-7611


                               _____
                               DAVIS H. FORSYTHE
                               Trial Attorney
                               U.S. Department of Justice
                               Environment and Natural Resources Division
                               Environmental Enforcement Section
                               999 18th Street, South Terrace Suite 370
                               Denver, CO 80211

24

10734528.1
208462-10051

1     <u>Signature Page for Consent Decree Regarding BKK Sanitary Landfill Site</u>

2                                    **FOR THE UNITED STATES OF AMERICA**
3                                    **(cont.)**:

4

5     _____        _____
6     Date                          ENRIQUE MANZANILLA
                                    Director, Superfund Division
7                                    Region IX
                                    U.S. Environmental Protection Agency
8                                    75 Hawthorne St.
9                                    San Francisco, CA  94105

10

11

12                                   _____
                                    SARAH E. MUELLER
13                                   Assistant Regional Counsel
                                    Region IX
14                                   U.S. Environmental Protection Agency
15                                   75 Hawthorne St.
16                                   San Francisco, CA  94105

17

18

19

20

21

22

23

24

25

26

27

                                    25

<u>Signature Page for Consent Decree Regarding BKK Sanitary Landfill Site</u>

**FOR JPMORGAN CHASE BANK N.A.,**

_____     _____
Date     Name (print):  George C. Ross
          Title:  Executive Vice President
          Address:  270 Park Avenue
                      New York, NY  10017

Agent Authorized to Accept Service on Behalf of Above-signed Party:

          Name (print):  Albert M. Cohen
          Title: Partner
          Company:  Loeb & Loeb LLP
          Address: 10100 Santa Monica Blvd., Suite 2200
                      Los Angeles, CA  90067
          Phone: 310-282-2228
          email: acohen@loeb.com

26

1   <u>Signature Page for Consent Decree Regarding BKK Sanitary Landfill Site</u>

2                          **FOR WMI LIQUIDATING TRUST**

3

4   _____            _____

5   Date                   Name (print):  George C. Ross
                           Title:  Executive Vice President
6                          Address:  270 Park Avenue
                                     New York, NY  10017
7

8

9

10  Agent Authorized to Accept Service on Behalf of Above-signed Party:

11                         Name (print):  Albert M. Cohen
                           Title: Partner
12                         Company:  Loeb & Loeb LLP
13                         Address: 10100 Santa Monica Blvd., Suite 2200
                                    Los Angeles, CA  90067
14                         Phone: 310-282-2228
15                         email: acohen@loeb.com

16

17

18

19

20

21

22

23

24

25

26

27

10734528.1
208462-10051

 Signature Page for Consent Decree Regarding BKK Sanitary Landfill Site

**FOR WMI RAINIER, LLC:**

_____          _____

Date                     Name (print):  George C. Ross
                         Title:  Executive Vice President
                         Address:  270 Park Avenue
                                   New York, NY  10017


Agent Authorized to Accept Service on Behalf of Above-signed Party:

                         Name (print):  Albert M. Cohen
                         Title: Partner
                         Company:  Loeb & Loeb LLP
                         Address: 10100 Santa Monica Blvd., Suite 2200
                                  Los Angeles, CA  90067
                         Phone: 310-282-2228
                         email: acohen@loeb.com

28